1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10                                ----oo0oo----

11  UNITED STATES OF AMERICA,
                                          NO. CR. S-03-0060 WBS
12            Plaintiff,

13       v.                                ORDER

14  DONALD M. FRIEDMAN,

15            Defendant.

16                                ----oo0oo----

17            Defendant Donald M. Friedman was originally charged in

18  a single count indictment with making threats against federal law

19  enforcement officers in violation of 18 U.S.C. § 115.  On July

20  28, 2003, after conducting a hearing pursuant to 18 U.S.C. §

21  4241, the court found that although Friedman understood the

22  nature of the proceedings, because of his mental disease he

23  refused to assist rationally or properly in his defense, and was

24  thus incompetent to stand trial.  The court accordingly ordered

25  Friedman committed to the custody of the Attorney General for

26  treatment pursuant to 18 U.S.C. § 4241(d).  Friedman's appeal

27  from that order was affirmed by the Ninth Circuit.  United States

28  v. Friedman, 366 F.3d 975 (9th Cir. 2004).

                                   1

1          On January 20, 2004, the court denied the Federal

2   Medical Center's request to involuntarily medicate Friedman

3   pursuant to Sell v. United States, 123 S.Ct. 2174 (2003), and

4   ordered him returned to this district.  On September 13, 2004,

5   after hearing, the court found that Friedman's mental condition

6   had not so improved, and would not likely so improve, so as to

7   permit him to proceed to trial, and accordingly ordered him

8   committed pursuant to the provisions of 18 U.S.C. § 4246.  On

9   October 28, 2004, on the motion of the United States Attorney,

10  because the case could not be brought to trial, the court

11  dismissed the indictment pursuant to Rule 48(a) of the Federal

12  Rules of Criminal Procedure.

13          Friedman now moves, in propria persona, (1) for

14  "Reappointment of Counsel, (2) for "Expungement of Arrest and All

15  Related Proceedings," (3) Appear Telephonically, and (4) for

16  "Emergency Scheduling."

17  I.    Motion for Reappointment of Counsel

18          Friedman currently has nothing before this court.  All

19  charges against him have been dismissed.  There exists no

20  absolute right to appointment of counsel in collateral

21  proceedings such as those contemplated by defendant's other

22  motions.  See, e.g., Irwin v. United States, 414 F.2d 606 (9th

23  Cir. 1969).

24          18 U.S.C. § 3006A authorizes the appointment of counsel

25  at any stage "if the interests of justice so require."  However,

26  the interests of justice do not so require here.  Friedman's

27  moving papers appear to be predicated on the same kinds of

28  delusional arguments which resulted previously in his being found

1 incompetent to stand trial.  Accordingly, the court will deny the

2 motion for reappointment of counsel for that purpose.

3 II.   Motion for Expungement

4       Friedman argues that the court has ancillary

5 jurisdiction to hear his motion to expunge his arrest and related

6 proceedings.  The Supreme Court has instructed that courts may

7 use the doctrine of ancillary jurisdiction "for two separate,

8 though sometimes related, purposes: (1) to permit disposition by

9 a single court of claims that are, in varying respects and

10 degrees, factually interdependent, and (2) to enable a court to

11 function successfully, that is, to manage its proceedings,

12 vindicate its authority, and effectuate its decrees."  Kokkonen

13 v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 379-80 (1994).

14 The Ninth Circuit has held that the latter purpose--to manage

15 proceedings, vindicate authority, and effectuate decrees--permits

16 a district court to order the expungement of criminal records in

17 cases over which it once exercised jurisdiction.  United States

18 v. Sumner, 226 F.3d 1005, 1014 (9th Cir. 2000).

19       Neither of those purposes would be served here.

20 Moreover, to the extent that Friedman's arguments are

21 intelligible, they are based on equitable considerations, which

22 the Ninth Circuit has specifically held do not comport with the

23 second purpose of ancillary jurisdiction.  Sumner, 226 F.3d at

24 1014.  Friedman has presented no cognizable reason why his arrest

25 and related proceedings should be expunged.  There is no reason

26 to expunge the record of the fact that Friedman was arrested, or

27 that he was adjudged incompetent to stand trial.  Even if the

28 court had jurisdiction to strike reference to those proceedings

3

1  from the records, it would not choose to do so.  The court will

2  accordingly deny defendant's motion for expungement.

3          Because the court denies Friedman's motion for

4  expungement, there is no need to consider his motions to appear

5  telephonically and for emergency scheduling.

6          IT IS THEREFORE ORDERED that defendant's motions for

7  reappointment of counsel and expungement of arrest and all

8  related proceedings be, and the same hereby are, DENIED.

9  DATED: December 18, 2006

10

11                                                        _____

    WILLIAM B. SHUBB

12    UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4